23-7619-cv
Sherwood v. Vollers

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of November, two thousand twenty-four.

PRESENT:
> REENA RAGGI,
> MYRNA PÉREZ,
> MARIA ARAÚJO KAHN,
> > *Circuit Judges.*

_____

Debra Sherwood,

> *Plaintiff-Appellant,*

> v.                                                     23-7619

Peter K. Vollers,

> *Defendant-Appellee.*

_____

**FOR PLAINTIFF-APPELLANT:**  Debra Sherwood, pro se, West Hartford, VT.

**FOR DEFENDANT-APPELLEE:**  Michelle M. Seery (Michael T. McCormack, *on the brief*), O'Sullivan McCormack Jensen & Bliss, PC, Glastonbury, CT.

Appeal from a judgment of the United States District Court for the District of Vermont (Crawford, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of October 16, 2023, is **AFFIRMED**.

Plaintiff-Appellant Debra Sherwood appeals the district court's dismissal of her suit against Defendant-Appellee Peter K. Vollers under Vermont's doctrine of claim preclusion. Because Sherwood previously litigated and lost a state-court case against Vollers stemming from the same transaction, we affirm the dismissal.

## BACKGROUND

Sherwood hired Vollers, an attorney, to assist her in the sale of her home. On the closing day, December 12, 2019, the buyer of the property was not satisfied with the state of the premises because Sherwood had not moved out. As a result,

Sherwood's real estate agent advised her that the buyer requested a contract addendum ("December Addendum") providing for $20,000 in escrow. Over the phone, Vollers allegedly counseled Sherwood to sign the contract, which she promptly did. Once the buyer took possession, he charged the escrow funds in the amount of $4,500 for disposal of Sherwood's art still on the premises and for certain repairs.

After the sale, Sherwood filed a complaint in Vermont small claims court, alleging that Vollers breached his professional duty by improperly releasing the escrow funds. According to Sherwood, an earlier October 14 addendum ("October Addendum") to the sale conveyed the removed property to the buyer at no cost. Sherwood claimed $4,500 in damages to recoup the deducted escrow funds.

The small-claims court ruled in favor of Vollers, reasoning that he did not breach his professional duty of care to Sherwood. While that action was pending, Sherwood filed a federal complaint against Vollers, alleging legal malpractice, breach of contract, breach of the implied covenant of good faith and fair dealing, promissory estoppel, and intentional infliction of emotional distress in connection with his role in the sale. Vollers moved to dismiss, arguing, as relevant here, that the federal action was barred by claim preclusion because of the small-claims

3

judgment.  The district court agreed and dismissed the operative federal complaint on the grounds of claim preclusion.  *See Sherwood v. Vollers*, No. 2:23-cv-107 (GWC), 2023 WL 7314053 (D. Vt. Oct. 16, 2023).

Sherwood appealed.  We assume familiarity with the remaining facts and procedural history, which we recount only as necessary to explain our decision.

## DISCUSSION

In this diversity action, we apply Vermont's claim preclusion rules to Sherwood's state-law claims.  *See Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984); *Whitfield v. City of New York*, 96 F.4th 504, 522–23 (2d Cir. 2024).  In Vermont, a claim is precluded if "(1) a previous final judgment on the merits exists, (2) the case was between the same parties or parties in privity, and (3) the claim has been or could have been fully litigated in the prior proceeding." *Iannarone v. Limoggio*, 30 A.3d 655, 660 (Vt. 2011) (citation omitted); *see Demarest v. Town of Underhill*, 256 A.3d 554, 561 (Vt. 2021) (barring claims that could "have been an additional claim" in a prior action).

There is no question that here, the parties satisfy the second part of the *Iannarone* test.  As to the first and third parts, the Vermont Supreme Court has explained that "the trend in defining what constitutes the same claim or cause of

4

action has been toward a broader approach requiring a plaintiff to address in one lawsuit all injuries emanating from all or any part of the transaction, or series of connected transactions, out of which the action arose." *Iannarone*, 30 A.3d at 660 (internal quotation marks, citation, and ellipses omitted).

Here, the two actions concern the same "transaction," the sale of Sherwood's property. *See id.* Sherwood contends that her federal claim differs from her small-claims court claim, because the latter concerned the October Addendum and the crux of her federal complaint is the December Addendum. But both addenda modify the sales contract. Sherwood attached the December Addendum to her small-claims complaint as an exhibit and again offered the document as an exhibit during a May 2023 small-claims hearing. App'x 5, 8. Because Sherwood's state-law claims filed in federal court regarding Vollers's conduct in connection with the property's sale could have been litigated in the prior state-court action, for which there is a judgment, the district court correctly dismissed the operative complaint.

We have considered Sherwood's remaining arguments and conclude they are without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court